**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO:**

REDONDO GEDEON,

    Plaintiff
    v.

CAPITAL PROTECTION BUREAU, LLC,
a Florida limited liability company,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, REDONDO GEDEON ("Plaintiff"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, files his Complaint for Damages and Demand for Jury Trial against Defendant, CAPTIAL PROTECTION BUREAU, LLC ("CPB"), and alleges the following:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This is an action arising under the FLSA pursuant to 29 U.S.C. §§ 201-216, to recover all overtime wages owed to Plaintiff.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, was over the age of 18 years, and was otherwise *sui juris*.

3. During all times material hereto, Defendant, CPB, was a Florida limited liability company with its principal place of business at 2393 S. Congress Ave., Suite 200, Palm Springs, Florida 33407, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Defendant, CPB, was vested with authority to hire, fire, compensate, and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff.

5. Defendant, CPB, was Plaintiff's FLSA employer, as that term is defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida. Jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

7. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8. Defendant, CPB, offers gated community and event security services throughout the state of Florida.

9. Defendant employs dozens of security officers like Plaintiff to assist Defendant in providing security services.

## FLSA COVERAGE

10. Defendant, CPB, is covered under the FLSA through enterprise coverage, as CPB was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, CPB engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. CPB's business and Plaintiff's work for CPB affected interstate commerce because the materials and goods that Plaintiff used on a constant

and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

11. During his employment with Defendant, CPB, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: security uniforms, holsters, weapons, badges, vehicles, flashlights, body armor, boots, pepper spray, radios, handcuffs, batons, tactical gear, eyewear, pens, paper, pencils, belts, cell phones, first aid kits, firearms, keys, penlights, lanyards, batteries, cameras, rain protection gear, etc.

12. CPB also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making CPB's business an enterprise covered by the FLSA.

13. Upon information and belief, Defendant CPB grossed or did business in excess of $500,000.00 in 2019, 2020 and 2021.

14. During his employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals, and (iii) did not make any decisions of importance on behalf of Defendant.

15. During all material times hereto, Plaintiff was a non-exempt, hourly employee of Defendant, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

16. Plaintiff began working as a security officer for Defendant in or around October 2021 and continued to do so until on or around November 15, 2021.

17. Plaintiff's work for Defendant did not require a license or advanced degree.

18. During Plaintiff's employment period, Defendant compensated Plaintiff at a rate of $14.00/hour.

19. During Plaintiff's employment period, Plaintiff worked an average of fifty-five (55) hours per week.

20. After hiring Plaintiff as a non-exempt employee, Defendant regularly supervised Plaintiff's work and knew, or should have known, the number of hours Plaintiff worked each workweek.

21. However, Defendant did not pay Plaintiff one and one half time his regular hourly rate when he worked over forty (40) hours in a workweek.

22. Moreover, Defendants did not maintain accurate time records during Plaintiff's employment period.

23. As a result of Defendant's intentional and willful failure to comply with the FLSA's overtime wage requirements, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS - 29 U.S.C. § 207**

24. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

25. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

26. During all time periods material hereto, Plaintiff was a non-exempt, hourly employee.

27. Plaintiff performed work for Defendant during his employment for which he should have received time-and-one-half his regular hourly rate for all hours worked in excess of forty (40) in one or more work weeks.

28. Defendant refused to pay Plaintiff one-and-one-half times his regular hourly rate for some hours of work performed over forty (40) in one or more weeks of his employment.

29. Plaintiff therefore claims the applicable federal overtime wage rate for each hour worked in excess of forty (40) per week during his employment for which he was not properly compensated.

30. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

31. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

32. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, REDONDO GEDEON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, CAPITAL PROTECTION BUREAU, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs; and any and all further relief as this Court deems equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, REDONDO GEDEON, requests and demands a trial by jury on all appropriate claims.

**Dated: January 26, 2022**

        **USA EMPLOYMENT LAWYERS-**
        **JORDAN RICHARDS, PLLC**
        1800 S.E. 10th Ave. Suite 205
        Fort Lauderdale, Florida 33316
        Ph: (954) 871-0050
        *Counsel for Plaintiff*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        JAKE BLUMSTEIN, ESQUIRE
        Florida Bar No. 1017746
        *Jordan@jordanrichardspllc.com*
        *Jake@jordanrichardspllc.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 26, 2022.

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372

## **SERVICE LIST:**